CASE 29—PETITION EQUITY—JANUARY 9.

# Anderson, &c., vs. Layton, &c.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. The statute of limitations does not run against infants, married women, or persons of unsound mind. (*Sec. 3, art. 1, chap. 63, 2 Stanton's Revised Statutes*, 123; *Civil Code, sec.* 884.)

2. In a deed made September 7, 1836, the names of the guardian and his ward, who was of unsound mind, with other vendors mentioned therein, are recited as parties conveying the interest of the ward, but neither the guardian nor ward ever signed the deed. *Held*—That this recital was sufficient to put all subsequent purchasers on notice that the ward held an unconveyed interest in the land, and that they became tenants in common with the ward; and as the guardian received one hundred and ninety dollars on his verbal contract to sell the interest of the ward, this amount should be set-off against the rental of the ward's interest in the land from the date of the deed. The ward being of unsound mind, and legally unable to convey after arriving at her majority, the statute of limitations did not run against her.

ALLAN A. BURTON,                                    For Appellants,

CITED—

1 *J. J M.*, 236; *Breckinridge vs. Owsley.*
2 *Blackstone*, 291.
4 *Littell*, 21; *Pyle vs. Craven.*
1 *Bibb*, 552; *Buler vs. Young.*
*Story's Eq. Juris., sec.* 227, *ed.* 1861.
*Civil Code, sec.* 884.

S. TURNER,                                         For Appellees.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

John Anderson died intestate in the year of 1835, leaving eight children and heirs-at-law, among whom was

the appellant, then a minor and idiot; at least, if not strictly an idiot according to the common law definition, of so imbecile mind as to be totally void of power to contract or convey her property.

There descended to these heirs, from the decedent, one hundred and seventy-eight and one quarter acres of land. September 7, 1836, Peyton Anderson, claiming to own three shares, Parker and wife, Nancy Anderson, and Watson Anderson, joined in a deed of general warranty, in consideration of two thousand six hundred and seventy-three dollars and seventy-five cents, conveying said land to William Teeter.

In the recital of the parties conveying is that of "Richard Anderson, as guardian for Amanda Anderson," but neither he nor Amanda ever signed the deed, as appears from the copy thereof in the record.

This recital was sufficient, however, to put all subsequent purchasers on notice that she held an unconveyed interest, and they became tenants in common with her; nor can we doubt that it, together with the notorious character of her imbecility, should be regarded as constructive notice to all, not only that she had not, but could not, convey her interest in the land. By *sec.* 3, *art.* 1, *chap.* 63, 2 *Stanton's Rev. Stat.,* 123, the rights of persons of "*unsound mind*" are reserved from the operation of the statute of limitations.

Never having conveyed, and being incapable of conveying, her interest, and it never having been sold by order of court, it is not perceived how she can be barred of a recovery.

Story, in his Equity Jurisprudence (1 *vol.,* 240, *sec.* 227), says: "The ground upon which courts of equity now interfere to set aside the contracts and other acts, however solemn, of persons who are idiots, lunatics, and otherwise

*non compos mentis*, is fraud. Such persons being incapable in point of capacity to enter into any valid contract, or to do any valid act, *every person dealing with them, knowing their incapacity, is deemed to perpetrate a meditated fraud upon them and their rights.*"

If this be so as to solemn acts, how much more so should it be as to mere verbal contracts respecting the sale of lands; and the claim set up by these defendants really amounts to no more, they insisting that, as her guardian received and contracted one hundred and ninety dollars as her share of the purchase money, she should be barred. It is true that Richard Anderson states that he executed the deed to Teeter as guardian for Amanda; but this is in direct contradiction to the deed and clerk's certificate, and amounts to nothing. He proves that he received seventy dollars, and the remainder was put under the control of his brother, by his consent.

As the guardian had the legal right, and it was his duty, to rent her lands and make them productive, we think that this one hundred and ninety dollars ought to be appropriated to the payment of rents until that much is extinguished, beginning with Teeter's first holding, and the remainder appropriated to the extinguishing rents *pro rata* among his vendees, immediate and remote, according to the date from which they held, ascertaining in each case the amount remaining still due of the one hundred and ninety dollars at the date of their respective purchases.

After extinguishing this one hundred and ninety dollars, the court will then ascertain against each tenant of the land their *pro rata* for their actual occupation, and adjudge against them the amount so due, and finally assign to her her undivided interest in the land.

In ascertaining both rents and her undivided interest in the land, it can only be regarded in that state of improvement as at decedent's death, as she will not be entitled to rents on the improvements made by the subsequent vendees, nor be entitled to the improvements put upon the land by them. If lands so improved must be assigned her, then the actual ameliorations should be considered, but not the actual costs of the improvements. If justice can be done her by so doing, her portion should be so assigned as to disarrange the respective present holders as little as possible; or, as she now has a committee, the land, by proper proceedings, could be sold.

Although the judgment was rendered more than three years before the appeal was prosecuted, yet, as she then was and still is of "*unsound mind*," she is within the exception to section 884, Civil Code.

The judgment dismissing her petition was erroneous, and is reversed, with directions for further proceedings as herein indicated.